## DRYDEN vs. HOLMES.

1. A deed conveying a lot of ground, and describing it as "with a brick tenement thereon," does not contain a covenant that such a tenement was on said lot. The words are merely descriptive. See Ferguson vs. Dent, 8 vol. Mo. Rep.

Dryden vs. Holmes.

ERROR to St. Louis Circuit. Court.

Dawson, for Plaintiff in error.

POINTS AND AUTHORITIES.

If land be conveyed as bounded by "a way" upon one side, this is not merely a description, but a covenant that there is such a way. Parker et al vs. Smith, 17 Mass. Rep. 413.

I would refer the court to the decision of the supreme court of Missouri, in the case Burnsides' Executors vs. Russell, that very point was settled, as in the case of 17 Mass. Rep.

No particular no words are necessary to constitute a covenant; *any* words under seal showing an agreement or undertaking is a covenant, and it shall be judged of, by the whole tenor of the deed. 2 Selw. N. P. 391; 3 Com. Digest 236, Covenant A 1; 1 Bibb 379.

Polk, for the defendant in error.

To sustain the judgment of the court below, the defendant in error, relies upon the following point: That the deed upon which this action is founded, contains no covenant that there is, or was at the time of the execution of said deed, a brick tenement on the lot therein conveyed.

Napton, J., delivered the opinion of the court.

This was an action of covenant, brought upon a deed of bargain and sale, from Holmes to Dryden, purporting to convey a certain lot in the city of St. Louis. The deed described the lot as "the west part of lot No. 6, in Gay and Taylor's addition to St. Louis—commencing at the west part of lot No. 6, thence east twenty feet, thence north seventy-one feet, thence west twenty feet, thence south twenty-one feet, with a brick tenement thereon." One of the breaches assigned is, that the said defendant covenanted that a brick tenement was situated on said lot of ground, but the said defendant had broken his covenant, that said brick tenement was not on said lot.

The declaration was demurred to, and the demurrer sustained by the court. The only question is, whether the terms of the deed, in which the lot is represented to have a brick tenement thereon, can be construed as a covenant, or are merely words of description.

This question was examined at the last term of this court, and decided in the case of Ferguson vs. Dent. Agreeably to that opinion, the judgment of the circuit court must be affirmed.